IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:06-CV-74-BO

JOHN C. MAULTSBY,                          )
                                           )
            Plaintiff,                     )
                                           )
        v.                                 )          O R D E R
                                           )
MICHAEL ASTRUE,                            )
Commissioner of Social Security,           )
                                           )
            Defendant.                     )
_____)

This matter is before the Court on the parties' Motions for Judgment on the Pleadings.

For the reasons detailed below, Plaintiff's Motion will be DENIED and Defendant's Motion will

be GRANTED. The decision below will be AFFIRMED.

BACKGROUND

Plaintiff, a former car salesman, applied for disability benefits on March 20, 2001,

claiming that he had been disabled as of August 15, 2000. The Commissioner denied his

application, and Plaintiff timely requested and received a hearing before an Administrative Law

Judge ("ALJ"). The ALJ denied benefits, but the Appeals Council then vacated the ALJ's

decision and remanded for further proceedings. After a second hearing, a different ALJ again

found Plaintiff not to be disabled. Once more the Appeals Council vacated and remanded. After

a third hearing and a third unfavorable decision, the Appeals Council denied review. This action

followed, and Plaintiff and Defendant each filed Motions for Judgment on the Pleadings. A

hearing on the Motions was held in Raleigh, North Carolina on February 13, 2007.

The scope of judicial review of a final decision regarding disability benefits under the Social Security Act is limited to determining whether the findings of the Administrative Law Judge are supported by substantial evidence and whether the correct law was applied. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (citing *Hays v. Sullivan*, 907 F.2d at 1456).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if an impairment prevents the claimant from doing other work. *Id.*

The ALJ found at step one that Plaintiff had not engaged in a substantial activity since the date of alleged onset, and at step two that Plaintiff suffered from severe degenerative disc

2

disease, peripheral neuropathy, diabetes mellitus, and chronic obstructive pulmonary disease.[1] At

step three, the ALJ found that Plaintiff's severe impairments did not meet or equal any of the

impairments listed by applicable federal regulations. The ALJ found at step four that Plaintiff

had the residual functional capacity ("RFC") to perform a full range of light work. The ALJ next

determined that, notwithstanding this RFC, Plaintiff could still perform his past relevant work as

a car salesman. The ALJ therefore concluded that Plaintiff was not disabled, and denied his

application for benefits.

Plaintiff argues that the ALJ erred by finding on the one hand that his work as a car

salesman did not qualify as "substantial gainful activity" under federal law, while finding on the

other hand that Plaintiff could not perform that job as his "past relevant work." For purposes of

the sequential analysis, a job must qualify as substantial gainful activity in order to later be

considered past relevant work. 20 C.F.R. § 404.1560(b)(1). The ALJ thus could not properly

reject the car salesman job as substantial gainful activity, and yet determine that the job

amounted to Plaintiff's past relevant work. The Government agrees that this was error, but

argues it was harmless.[2]

The ALJ's decision observed that Plaintiff had worked after his alleged date of onset, but

that none of the jobs he performed ever rose to the level of substantial gainful activity.

---

[1] The ALJ specifically found that Plaintiff's many other alleged impairments were not
supported by objective evidence, and in any case only minimally impacted on his ability to work.

[2] Plaintiff also says that, because the ALJ's step four finding was erroneous, the ALJ
should then have turned to the Medical-Vocational Guidelines ("GRIDS") at step five of the
analysis, and found Plaintiff to be disabled. The Court need not address this argument, as the
ALJ properly concluded that Plaintiff could perform his past relevant work at step four, and
substantial evidence supports that conclusion. The case was properly resolved at step four.
Consequently there was no need for the ALJ to proceed to step five.

3

According to the ALJ, Plaintiff's post-onset employment included some work as a car salesman between April 2000 and April 2001. Tr. 18. As the Government points out, no evidence suggests that Plaintiff actually worked as a car salesman during this period. The record in fact shows that Plaintiff worked as a car salesman for a maximum of 8 months from 1999 to 2000, but that Plaintiff left that position in April of 2000. *Id.* at 537-38, 547-47, 604. Plaintiff thus worked as a car salesman before his alleged date of onset, not after it.

And despite the ALJ's conclusion, such work surely amounted to substantial gainful activity. Federal regulations define substantial gainful activity as work that involves significant productive physical and mental duties, and that is performed for pay or profit. 20 C.F.R. §§ 404.1510, 404.1572. According to Plaintiff's testimony, his car salesman duties involved moving cars, getting in and out of cars, ensuring that cars were properly fueled, assisting customers, and writing frequently. Tr. 525. Such efforts earned Plaintiff approximately $29,000 during his eight month stint as a salesman. *Id.* at 538. On average, Plaintiff earned approximately $1400 a month in 1999 and $2,500 in 2000. *Id.* at 99J; 20 § C.F.R. 404.1574(b)(2). His work as car salesman unmistakably encompassed significant productive duties, and was performed for pay – and thus rose to the level of substantial gainful activity under the law. The ALJ's finding to the contrary was thus harmless error.

Importantly, the ALJ concluded that the Plaintiff could still perform his past relevant work as a car salesman. The Court has reviewed the record, and concluded that substantial evidence supports the that RFC finding, the VE's testimony, and thus, the ALJ's ultimate conclusion regarding Plaintiff's ongoing ability to work.

4

<u>CONCLUSION</u>

Defendant's Motion for Judgment on the Pleadings is GRANTED. Plaintiff's Motion for Judgment on the Pleadings is DENIED. The decision below is AFFIRMED.

SO ORDERED.

This __14__ day of August, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE